United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SCOTT LOUIS YELENICH,

    Plaintiff,

vs.

MATHEW CATE, Director, CDCR; COLEEN NOLL, Warden (A) CTF; N. GRANNIS, Chief Inmate Appeals; P. MULLEN, CC11, Appeals Coord. CTF; R. COEN, Lieutenant, CTF; E. PALMER, Lieutenant, CTF; R. HOLMAN, Lieutenant, CTF; J. SISK, Associate Warden, CTF; L. ADAMS, Jr., Correctional Sergeant, CTF: C. A. WOODS, Correctional Sergeant, CTF; L. A. CARDENAS, Correctional Sergeant, CTF; D. MONFORD, Correctional Officer, CTF; J. ESTRELLA, Correctional Officer, CTF; R. RIES, Correctional Officer, CTF; J. PEREZ, Correctional Officer; and DOES 1-50,

    Defendants.
                                   /

No. C 09-5073 PJH (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND; RULINGS**

Plaintiff, a prisoner formerly was housed at the Correctional Training Facility ("CTF") in Soledad, has filed a pro se civil rights complaint. He has been granted leave to proceed in forma pauperis.

Venue is proper in this district because a substantial part of the events giving rise to the action occurred in this district. *See* 28 U.S.C. § 1391(b).

**DISCUSSION**

**A.**   **Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.

28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (per curiam) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

Plaintiff has provided approximately fourteen pages of factual allegations, followed by fourteen causes of action. In most of the causes of action he does not, however, say

which facts are relied upon for that particular claim, instead merely incorporating all the factual allegations by reference.  This leaves the court and would leave the defendants if served to guess which facts are intended to relate to which claims.  He also does not say which defendants are intended to be the defendants for each claim.  Most of the causes of action are asserted against "defendants," which is not plausible, given that the defendants range from the director of the CDCR to correctional officers.

The complaint will be dismissed with leave to amend to provide a complaint that specifies which facts support which claims and that specifies which claims are asserted against which defendants.  In amending, plaintiff should bear in mind that to state a claim against any particular defendant he must provide "facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

**C.    Motions for Counsel**

Plaintiff has moved for appointment of counsel.

There is no constitutional right to counsel in a civil case, *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981), and although district courts may "request" that counsel represent a litigant who is proceeding in forma pauperis, as plaintiff is here, *see* 28 U.S.C. § 1915(e)(1), that does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Plaintiff appears able to present his claims adequately, and the issues are not complex.  The motions for appointment of counsel will be denied.

///

///

**D.    Motion for Relief**

Petitioner has been transferred to the California Medical Center at Vacaville. He asks that the court order that he be provided with unspecified "necessities" for litigating this case.

In order to enforce an injunction, a district court must have personal jurisdiction over the party enjoined. *In re Estate of Ferdinand Marcos*, 94 F.3d 539, 545 (9th Cir. 1996). The court should not issue an injunction that it cannot enforce. *Id.* Therefore, a motion for preliminary injunction cannot be decided until the parties to the action are served. *Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983). The motion will be denied without prejudice.

## CONCLUSION

1. Plaintiff's motions for appointment of counsel (documents 3 and 12 on the docket) are **DENIED**. His motion to "amend/correct" (document 5) is **DENIED** as unnecessary, the amendment being as of right. *See* Fed. R.Civ.P. 15(a). His motion for relief (document 12) is **DENIED**.

2. The complaint is **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order. The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of these claims.

3. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action.

**IT IS SO ORDERED.**

Dated: April 14, 2010.

_____
PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\CR.09\YELENICH5073.DWLTA.wpd