UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SCOTT LOUIS YELENICH,

    Plaintiff,

vs.

MATHEW CATE, Director, CDCR; COLEEN NOLL, Warden (A) CTF; N. GRANNIS, Chief Inmate Appeals; P. MULLEN, CC11, Appeals Coord. CTF; R. COEN, Lieutenant, CTF; E. PALMER, Lieutenant, CTF; R. HOLMAN, Lieutenant, CTF; J. SISK, Associate Warden, CTF; L. ADAMS, Jr., Correctional Sergeant, CTF: C. A. WOODS, Correctional Sergeant, CTF; L. A. CARDENAS, Correctional Sergeant, CTF; D. MONFORD, Correctional Officer, CTF; J. ESTRELLA, Correctional Officer, CTF; R. RIES, Correctional Officer, CTF; J. PEREZ, Correctional Officer; and DOES 1-50,

    Defendants.

No. C 09-5073 PJH (PR)

**ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND; DENIAL OF MOTION FOR APPOINTMENT OF COUNSEL**

    This is a civil rights case filed pro se by a state prisoner. The complaint was dismissed with leave to amend. Plaintiff has amended.

**DISCUSSION**

**A.    Standard of Review**

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at

1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (per curiam) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face."  *Id.* at 1974.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).  However, complaints in pro se prisoner cases, such as this one, must be liberally construed in favor of the plaintiff when applying the *Twombly/Iqbal* pleading standard.  *See Hebbe v. Miller*, 602 F.3d 12020, 1205 (9th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff provided approximately fourteen pages of factual allegations in the original complaint, followed by fourteen causes of action.  For the most part, however, he did not

2

specify which facts related to which claims, nor did he specify which of the defendants were intended to be the targets of each claim. He has remedied these deficiencies.

### 1. General Principles

Most of plaintiff's claims involve harassment by correctional officers or officials. The following general principles will be applied in the court's analysis.

Allegations of harassment or threats fail to state a claim cognizable under 42 U.S.C. § 1983. *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) (harassment); *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (threats). But harassment in retaliation for the exercise of a First Amendment right, such as filing grievances, may be actionable. *See Hines v. Gomez*, 108 F.3d 265, 267-68 (9th Cir. 1997) (recognizing prisoner claim of retaliation for exercise of First Amendment rights). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). The prisoner bears the burden of pleading and proving absence of legitimate correctional goals for the conduct of which he complains. *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under § 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline). When the causation element of *Rhodes* is combined with the pleading requirements of *Iqbal*, it is apparent that to state a retaliation claim a prisoner must plead sufficient facts to make plausible a claim that the defendants' actions were motivated by a desire to retaliate for his exercise of a constitutional right, rather than by some other motive.

The court notes that plaintiff contends in several places that he has a liberty interest in access to the grievance system or in having his grievances treated in a certain way. This is incorrect. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 -1431 (7th Cir. 1996) (state's

3

inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause).

### 2. Analysis of Claims

In his first cause of action, plaintiff contends that named defendants violated his First Amendment rights by failing to process staff misconduct complaints and not complying with California statutes and regulations regarding inmate administrative appeals. Although there certainly is a right to petition government for redress of grievances, there is no right to a response or any particular action. *See Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) ("prisoner's right to petition the government for redress ... is not compromised by the prison's refusal to entertain his grievance."). Because there is no legal basis for a claim involving failure to properly handle grievances, this claim will be dismissed without further leave to amend.

In his second cause of action, plaintiff contends that named defendants failed to protect him from threats and harassment by their subordinates. As discussed above, there is no constitutional right to be free of threats and harassment, and in any case this is a respondeat superior claim; such claims are not grounds for relief under section 1983. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (under no circumstances there liability under section 1983 solely because defendant is the superior of someone who violated plaintiff's rights (respondeat superior liability)). Because respondeat superior claims can never be actionable under section 1983, this claim will be dismissed without further leave to amend.

In his third cause of action, plaintiff contends that defendant Estrella violated his First Amendment rights by conducting a campaign of harassment and intimidation against him. He has alleged facts sufficient to conclude that the claim is one of retaliation for his exercise of First Amendment rights. *See Hines v. Gomez*, 108 F.3d 265, 267-68 (9th Cir. 1997) (recognizing prisoner claim of retaliation for exercise of First Amendment rights). He has not, however, alleged that there was no legitimate penological purpose to Estrella's acts. This claim will be dismissed with leave to amend.

In his fourth cause of action, plaintiff contends that defendants Ries, Perez, and

4

Cardenas "participated in the harassment" by being deliberately indifferent to his medical needs on August 18, 2009.  There are no factual allegations that suggest that defendants' actions were in retaliation for plaintiff's exercise of his First Amendment rights, but the facts alleged are sufficient to assert a claim of deliberate indifference to a serious medical need.  This claim is sufficient to proceed.

In his fifth cause of action, plaintiff contends that his Eighth Amendment rights were violated by the campaign of harassment instituted by Estrella and "perpetuated" by Monford, Ries, Perez and the Does.  The actions described, with the exception of the deliberate indifference to a serious medical need that is the basis for claim four, are not sufficient to amount to cruel and unusual punishment.  This claim will be dismissed without leave to amend.

In his sixth cause of action, plaintiff contends that his rights were violated by named defendants who "obstruct[ed]" his grievances and misclassified them.  As noted above, there is no right to any particular treatment of a grievance.  *See Flick,* 932 F.2d at 729.  This claim will be dismissed without further leave to amend.

In his seventh cause of action, plaintiff contends that named defendants failed to handle his grievances as state law requires, thus violating due process.  This claim again runs afoul of the rule that there is no constitutional right to any particular response to a grievance, and of course violations of state law cannot be turned into constitutional claims simply by labeling them "due process" or adding the word "conspiracy."  *See Longford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (litigant cannot "transform a state-law issue into a federal one merely by asserting a violation of due process.").  This claim will be dismissed without further leave to amend.

In his eighth, ninth, tenth, and eleventh causes of action, plaintiff alleges various state law violations.  Before a state law claim can be brought, whether in state or federal court, the California Tort Claims Act requires that the claim be presented to the Victim Compensation and Government Claims Board.  *See* Cal. Gov. Code § § 911.2, 945.4; *Hernandez v. McClanahan*, 996 F.Supp. 975, 977 (N.D.Cal. 1998) (failure to present timely California tort claims bars plaintiff from bringing them in federal suit).  Plaintiff has failed to

allege that he filed a state tort claim prior to filing his state law claims here, so has failed to state a claim. *See Mangold v. California Public Utilities Com'n*, 67 F.3d 1470, 1477 (9th Cir. 1995) (compliance with California tort claims act must be pleaded). The state law claims will be dismissed with leave to amend to allege compliance with the Tort Claims Act.

**C.    Motion for Counsel**

Plaintiff has moved for appointment of counsel.

There is no constitutional right to counsel in a civil case, *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981), and although district courts may "request" that counsel represent a litigant who is proceeding in forma pauperis, as plaintiff is here, *see* 28 U.S.C. § 1915(e)(1), that does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Plaintiff appears able to present his claims adequately, and the issues are not complex at this stage of the case, where plaintiff need plead only facts. The motion for appointment of counsel will be denied.

**CONCLUSION**

1. Plaintiff's motion for appointment of counsel (document 17 on the docket) is **DENIED**.

2. Causes of action one, two, five, six, seven are **DISMISSED** without further leave to amend. Causes of action three and eight through eleven are **DISMISSED** with leave to amend. Cause of action four is sufficient to proceed.

3. Plaintiff may file a second amended complaint within thirty days from the date of this order. The amended complaint must include the caption and civil case number used in this order and the words SECOND AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all

6

the claims he wishes to present, including cause of action four that the court has determined is sufficient to proceed.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.  Failure to amend within the designated time will result in the final dismissal of the claims that are now dismissed with leave to amend, and service of the complaint with only cause of action four proceeding.

      4.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action.

**IT IS SO ORDERED.**

Dated:  March 23, 2011.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\CR.09\YELENICH5073.DWLTA2.wpd