**United States District Court**
For the Northern District of California

1

2

3                    UNITED STATES DISTRICT COURT

4                    NORTHERN DISTRICT OF CALIFORNIA

5

6

7   SCOTT LOUIS YELENICH,

8              Plaintiff,                        No. C 09-5073 PJH (PR)

9       vs.                                      **AMENDED ORDER OF SERVICE**

10  MATHEW CATE, Director, CDCR;
    COLEEN NOLL, Warden (A) CTF; N.
11  GRANNIS, Chief Inmate Appeals; P.
    MULLEN, CC11, Appeals Coord. CTF; R.
12  COEN, Lieutenant, CTF; E. PALMER,
    Lieutenant, CTF; R. HOLMAN, Lieutenant,
13  CTF; J. SISK, Associate Warden, CTF; L.
    ADAMS, Jr., Correctional Sergeant, CTF:
14  C. A. WOODS, Correctional Sergeant, CTF;
    L. A. CARDENAS, Correctional Sergeant,
15  CTF; D. MONFORD, Correctional Officer,
    CTF; J. ESTRELLA, Correctional Officer,
16  CTF; R. RIES, Correctional Officer, CTF; J.
    PEREZ, Correctional Officer; and DOES 1-
17  50,

18             Defendants.
                                            /
19

20       This is a civil rights case filed pro se by a state prisoner.  On initial review, the

21  complaint was dismissed with leave to amend.  Plaintiff amended, remedying the

22  deficiencies identified in the original order, but the amended complaint was dismissed with

23  leave to amend again because of additional deficiencies.  Plaintiff has now filed a second

24  amended complaint.

25       In the second amended complaint, plaintiff has omitted claims against defendants

26  Cate, Noll, Grannis, Mullen, Coen, Palmer, Holman, Sisk, Adams, and Woods.  The claims

27  against them therefore will be dismissed.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th

28  Cir.1992) (defendants not named in an amended complaint are no longer defendants).  He

1  now includes only Cardenas, Monford, Estrella, Ries, and Perez as defendants.

2      Plaintiff's first claim is that Estrella intimidated him into withdrawing a staff

3  misconduct administrative appeal (grievance) that was directed against another

4  correctional officer, and later enlisted the help of the white inmate shotcaller (gang leader)

5  to intimidate him into abandoning  another administrative appeal, this one against her, and

6  tried to incite other inmates against him.  These allegations are sufficient to state a claim.

7       His second claim is that the other defendants had various roles in denying him a

8  lower bunk after he had arthroscopic surgery on his shoulder.  He contends that this was

9  deliberate indifference to a serious medical need, and also that it was in retaliation for his

10  writing staff misconduct grievances.  These allegations are sufficient to proceed.

11                              **CONCLUSION**

12     1.  Plaintiff's claims against defendants Cate, Noll, Grannis, Mullen, Coen, Palmer,

13  Holman, Sisk, Adams, and Woods are **DISMISSED** with prejudice.

14     2.  The clerk shall issue summons and the United States Marshal shall serve,

15  without prepayment of fees, copies of the Second Amended Complaint with attachments

16  and copies of this order on the following defendants: Correctional Sergeant L. A. Cardenas

17  and Correctional Officers D. Monford, J. Estrella, R. Ries, and J. Perez.  Plaintiff says that

18  they can be found at the Correctional Training Facility in Soledad.

19     3.  In order to expedite the resolution of this case, the court orders as follows:

20          a.  No later than sixty days from the date of service, defendants shall file a

21  motion for summary judgment or other dispositive motion.  The motion shall be supported

22  by adequate factual documentation and shall conform in all respects to Federal Rule of

23  Civil Procedure 56, and shall include as exhibits all records and incident reports stemming

24  from the events at issue.  If defendants are of the opinion that this case cannot be resolved

25  by summary judgment, they shall so inform the court prior to the date their summary

26  judgment motion is due.  All papers filed with the court shall be promptly served on the

27  plaintiff.

28  ///

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1    b.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with the

2  court and served upon defendants no later than thirty days from the date the motion was

3  served upon him.  Plaintiff must read the attached page headed "NOTICE -- WARNING,"

4  which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir.

5  1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

6    If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to

7  exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff

8  should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION),"

9  which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th

10  Cir. 2003).

11    c.  If defendants wish to file a reply brief, they shall do so no later than fifteen

12  days after the opposition is served upon them.

13    d.  The motion shall be deemed submitted as of the date the reply brief is

14  due.  No hearing will be held on the motion unless the court so orders at a later date.

15    4.  All communications by plaintiff with the court must be served on defendants, or

16  defendants' counsel once counsel has been designated, by mailing a true copy of the

17  document to defendants or defendants' counsel.

18    5.  It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court

19  informed of any change of address by filing a separate paper with the clerk headed "Notice

20  of Change of Address."  He also must comply with the court's orders in a timely fashion.

21  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to

22  Federal Rule of Civil Procedure 41(b).

23    **IT IS SO ORDERED.**

24  Dated: June 1, 2011.                                    _____

25                                                                                    PHYLLIS J. HAMILTON
                                                                                    United States District Judge

26

27

28

P:\PRO-SE\PJH\CR.09\YELENICH5073.SERVE2-amended.wpd

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### NOTICE -- WARNING (SUMMARY JUDGMENT)

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

### NOTICE -- WARNING (EXHAUSTION)

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.

4